LED–MIL OF NEVADA, INC., AND JACK P. LEDYARD, APPELLANTS AND CROSS–RESPONDENTS, *v.* SKYLAND REALTY AND INSURANCE, INC., C. J. BLEDSOE AND PAUL SWIFT, RESPONDENTS AND CROSS–APPELLANTS.

No. 7187

February 6, 1974                     518 P.2d 606

*Laxalt, Berry & Allison,* of Carson City, for Appellants and Cross-Respondents.

*Daniel R. Walsh,* of Carson City, for Respondents and Cross-Appellants.

# OPINION

*Per Curiam:*

In Chapter 645 of the Nevada Revised Statutes, which governs the professional conduct and activities of real estate brokers and salesmen, NRS 645.320 declares that every "exclusive listing" agreement shall be in writing.[1] The instant appeal and cross-appeal are both directly controlled by this legislative declaration of policy, as heretofore interpreted in Bangle v. Holland Realty Inv. Co., 80 Nev. 331, 393 P.2d 138 (1964). Bangle v. Holland decided that a broker acting under an insufficient exclusive listing agreement cannot recover from the property owner with whom he has allegedly contracted, either on the agreement, or in quantum meruit.[2]

---

[1]NRS 645.320 provides:

*"Exclusive listings: Requirements.* Every exclusive listing shall:

"1.   Be in writing.

"2.   Have set forth in its terms a definite, specified and complete termination.

"3.   Contain no provision requiring the person signing such listing to notify the real estate broker of his intention to cancel the exclusive features of such listing after such expiration date.

"4.   Be signed by both the listing property owner or his duly authorized representative and the listing agent or his duly authorized representative in order to be enforcible."

[2]In Bangle v. Holland, we said:

"Before the enactment of NRS 645.320 we recognized that a property owner could be found liable upon quantum meruit for the commission of a real estate broker to whom an oral exclusive listing was given. Close v. Redelius, 67 Nev. 158, 215 P.2d 659. Relying upon that opinion Holland [the broker] contends that, should we declare his exclusive listing agreement with Bangle [the owner with whom broker Holland contracted] unenforcible (which we have done), nonetheless quantum meruit relief is available to him. He should be treated simply as a broker who had performed services for Bangle and should be compensated. On the other hand, Bangle argues that, by passing the exclusive listing law in 1955, the legislative intent was to forbid any recovery by a broker who had been granted an exclusive right to sell, unless the statutory requirements are fully met. Each argument is persuasive. However, the weight of case authority construing similar statutes precludes a quantum meruit recovery reasoning that, if the broker were entitled to obtain the value of services, the statute would not have the effect intended and the legislative purpose would be frustrated. Restatement, Agency, 2d § 468(2); Annot., 41 A.L.R. 2d 905; Restatement, Contracts § 355(3). We choose to adopt this view. It seems to

74

Respondents' Complaint contained three alternate claims, all alleging respondents are licensed real estate brokers who have expended some 1700 hours helping appellants subdivide their property, upon appellants' continuing oral promises to allow respondents exclusive right to sell the subdivided land as brokers. As damages, "Count I" of their Complaint asked commissions on land appellants have already sold, plus "anticipatory damages" equal to commissions on land yet unsold. "Count II" sought commissions on land already sold, and "specific performance" to allow respondents to act as brokers for the unsold land. "Count III" requested damages in quantum meruit for the reasonable value of respondents' alleged work and services.

Relying on NRS 645.320, the district court correctly granted appellants summary judgment on Counts I and II, which ruling is the subject of respondents' cross-appeal. However, after allowing a trial on Count III, the court erroneously granted respondents judgment for $24,200, which is the subject of the appeal itself. From the pleadings and from the testimony of respondent Swift it is clear that, when performing the acts for which they seek compensation, respondents had no understanding or expectation that they would be paid, other than as brokers if and when they should consummate sales of appellants' property.

As to the appeal, the judgment in respondents' favor is reversed, with instructions to dismiss "Count III" of respondents' Complaint. As to the cross-appeal, the summary judgment against respondents and cross-appellants on "Count I" and "Count II" of their Complaint is affirmed.

us that the purpose of NRS 645.320 is best served by denying any relief to a broker or salesman, who claims an exclusive agency to sell, unless the requirements of the statute are complied with." 80 Nev. at 335–336, 393 P.2d at 140–141.